**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

DAKOTA MURRAY,                        )
                                      )
        Plaintiff,                    )
                                      )
    v.                                )        Case No. 1:26-CV-50-CMS
                                      )
SECC MEDICAL STAFF, et al.,           )
                                      )
        Defendants.                   )

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Plaintiff Dakota Murray, an inmate at Southeast Correctional Center (SECC), for leave to commence this civil action without prepaying fees or costs. (Doc. 3). The Court will grant the motion and assess an initial partial filing fee of $1.00. Furthermore, after reviewing the pleadings in this matter, the Court will dismiss this action for frivolity. *See* 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff's motion to appoint counsel will be denied as moot. (Doc. 4).

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The

agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10, until the filing fee is fully paid.  *Id.*

Plaintiff is a convicted state prisoner at SECC in Charleston, Missouri. (Doc. 1). Plaintiff has not submitted an inmate account statement as required by 28 U.S.C. § 1915(a)(2). Nevertheless, having reviewed the information contained in the motion, the Court will require Plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If Plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement in support of his claim.

**Background**

On February 20, 2026, Plaintiff filed his original complaint asserting constitutional violations under 42 U.S.C. §1983 relating to denial of medical care at SECC. (Doc. 1). He filed an amended complaint on March 16, 2026. (Doc. 2). His amended complaint contains the same basic contentions as the original. *Id*. The filings assert highly unusual facts. Plaintiff claims that centipedes crawled up his nose and down his throat sometime near the end of 2022. *Id*. at 3. Plaintiff states this occurred in the Licking prison but does not provide any details about how this incredible incident occurred. *Id*. He asserts the insects are still alive and he can feel them inside his body.

Plaintiff claims that he informed Milinda Surbello, a nurse practitioner with Centurion, on December 31, 2025, that centipedes were inside his body and head and were eating him. *Id*. at 9. He reported that he could feel the insects crawling around in his lungs, brain, and body. *Id*. He

2

stated Surbello laughed at him and referred him to mental health. *Id*. His claims against the other named defendants are similar. *Id*. at 8-13.

Included in his amended complaint, Plaintiff submitted a grievance which was dated February 17, 2025. *Id*. at 17. In the grievance, Plaintiff states that they can look at his cat scan from the hospital and they will see something like a centipede. *Id*. He insists he can feel something eating him from the inside. *Id*. The nurse who responded to the grievance stated that Plaintiff had been evaluated by a provider on multiple occasions and the imaging done showed only that Plaintiff had swallowed a foreign object. *Id*. No other tests were warranted at the time, and the grievance was closed. *Id*.

Plaintiff repeatedly states that he has been provided with no medical treatment. *Id*. at 16. For injuries, he states that he has pain, diminished eyesight, coughing, and trouble breathing. *Id*. He does not specify what he wants for relief, other than for the staff to "be honest" and for "a little bit of money." *Id*. at 26. He claims his life is in imminent danger. *Id*.

## Legal Standard on Initial Review

Federal law requires this Court to dismiss a complaint filed *in forma pauperis* if, among other reasons, it is frivolous. 28 U.S.C. § 1915(e)(2). "[A] complaint … is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The term frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* Accordingly, the Court may dismiss "those claims whose factual contentions are clearly baseless," *id.* at 327, including those "allegations that are 'fanciful, fantastic, [or] delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke*, 490 U.S. at 325, 328). Although "[a]n *in forma pauperis* complaint may not be dismissed … simply because the [C]ourt finds the plaintiff's allegations unlikely," "a finding of factual frivolousness is appropriate

when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

Complaints filed by laypeople "are to be given liberal construction." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). That means that "if the essence of an allegation is discernible … then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Id.* (alteration in original) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law. *See Stone*, 364 F.3d at 915 (explaining that even in a pro se case, federal courts need not "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). Finally, giving a pro se complaint the benefit of a liberal construction does not mean that courts should interpret the procedural rules of civil litigation "so as to excuse mistakes by those who proceed without counsel." *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Discussion**

Having carefully reviewed and liberally construed Plaintiff's complaint, the Court finds that the allegations are frivolous. Plaintiff alleges centipedes crawled up his nose and down his throat in 2022, and these insects are still alive inside his body, moving freely and eating him. Plaintiff does not allege that he sought any treatment for this condition until 2025. These allegations are fanciful and rise to the level of the irrational or wholly incredible. *See Denton*, 504 U.S. at 32-33. Plaintiff's complaint is frivolous because its claims describe fantastic or delusional scenarios. *Neitzke*, 490 U.S. at 328. In addition, the Court finds that the complaint's defects could not be remedied through amendment of the pleadings. As such, this action will be dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

For the same reasons the Court deems the complaint frivolous, the Court is convinced that there would be no substantial question for review and that an appeal would be futile. *Higgins v. Steele*, 195 F.2d 366, 369 (8th Cir. 1952). The Court will therefore certify that an appeal would not be taken in good faith. *See id*.; 28 U.S.C. § 1915(a)(3). Finally, because this action is being dismissed as frivolous, the Court will deny Plaintiff's motion to appoint counsel as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Order, Plaintiff must pay an initial filing fee of $1.00. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel [Doc. No. 4] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

5

Dated this 31st day of March 2026.

_____

CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE